**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERTO SEVI,

        Plaintiff,

v.                                                                              Case No. 6:13-cv-1433-Orl-37KRS

EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION,
LLC; NATIONSTAR MORTGAGE, LLC,

        Defendants.

## ORDER

This cause is before the Court on the Defendant Nationstar Mortgage, LLC's Motion to Dismiss Counts Five and Six of the Complaint and Incorporated Memorandum of Law (Doc. 20) filed October 30, 2013. The time for opposing the motion to dismiss has passed, and Plaintiff has not responded. Accordingly, the motion to dismiss is unopposed. Because the motion is unopposed and meritorious, it is due to be granted.

## BACKGROUND

This is an action for alleged violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 1.) Plaintiff asserts two claims against each of the Defendants, Experian Information Solutions, Inc. ("Experian"), Transunion, LLC ("Transunion"), and Nationstar Mortgage, LLC ("Nationstar"). (*Id.*) Experian and Transunion filed answers to the complaint. (Docs. 5, 10.) Nationstar moved to dismiss counts five and six (Doc. 20), and Plaintiff has not opposed Nationstar's motion.

## STANDARDS

To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint

must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## DISCUSSION

Nationstar contends that counts five and six should be dismissed because Plaintiff has not alleged that Nationstar received notice of Plaintiff's dispute from a credit reporting agency. (Doc. 20.) Under the FCRA, receipt of such notice is a necessary element of a claim under subsection 1681s-2(b) against a "furnisher of information" such as Nationstar. 15 U.S.C. § 1681s-2(b) (imposing investigatory duties on "furnishers of information upon notice of dispute . . . pursuant to section 1681i(a)(2)"); 15 U.S.C. § 1681i(a)(2) (requiring that the "furnisher of information" be provided notice by a "consumer reporting agency"). Failure to allege that a furnisher of information received the requisite notice from a consumer reporting agency will result in dismissal of claims asserted under subsection 1681s-2(b). *See Foxx v. Ocwen Loan Servicing, LLC*, No. 8:11-CV-1766-T-17EAK, 2012 WL 2048252, *6 (M.D. Fla. Jun. 6, 2012) (dismissing FCRA claims where plaintiff failed to allege that defendant received the statutory notice from a credit reporting agency); *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1255 (S.D. Fla. 2009) (holding that notice from a consumer instead of a credit reporting agency is insufficient to trigger the duties imposed under the FCRA). Because the complaint includes no allegation that Nationstar received the requisite notice, counts

five and six of the Complaint are due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant Nationstar Mortgage, LLC's Motion to Dismiss Counts Five and Six of the Complaint and Incorporated Memorandum of Law (Doc. 20) is **GRANTED**.

2. Counts Five and Six of the Complaint (Doc. 9) are **DISMISSED WITHOUT PREJUDICE**.

3. On or before December 13, 2013, the Plaintiff may file an Amended Complaint. If Plaintiff fails to file an Amended Complaint in the time prescribed, this action will proceed only with respect to Counts One through Four of the Complaint.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 26, 2013.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record