# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ROBERTO SEVI,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:13-cv-1433-Orl-37KRS**

**NATIONSTAR MORTGAGE, LLC,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**PLAINTIFF ROBERTO SEVI'S MOTION TO STRIKE AFFIDAVIT OF SEAN CHIBNIK FILED DEECEMBER 8, 2014 OR, ALTERNATIVELY, TO PERMIT ADDITONAL DISCOVERY (Doc. No. 100)**
>
> **FILED:**　**December 22, 2014**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.　BACKGROUND.

Discovery in this case ended on September 30, 2014. Doc. No. 52 at 1. During the discovery period, Plaintiff Roberto Sevi noticed a Rule 30(b)(6) deposition of Defendant Nationstar Mortgage, LLC ("Nationstar"), which deposition was taken on September 30, 2014. Doc. Nos. 101-2, 105-1. Nationstar designated Sean Chibnik, a litigation resolution analyst, as its corporate representative for this deposition. Doc. No. 105-1 at 6, 19.

The following are two of the topics contained in the Rule 30(b)(6) deposition notice:

> (2) The procedures, steps, individuals involved, and results of each investigation performed by Nationstar Mortgage, LLC related to Plaintiff Roberto Sevi's disputes of the information contained in his Nationstar Mortgage, LLC tradeline on his consumer credit reports;
>
> (3) The information relied upon, discovered, produced, or otherwise considered when performing any and all investigations of Roberto Sevi's disputed tradelines from January 1, 2012 through present.

Doc. No. 101-2 at 8. As the corporate representative of Nationstar, Chibnik was required to conduct an investigation of facts within Nationstar's collective knowledge responsive to these topics. *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). "Preparing a Rule 30(b)(6) designee may be an onerous and burdensome task, but this consequence is merely an obligation that flows from the privilege of using the corporate form to do business." *Id.*

In the present motion, Sevi argues that Chibnik was not prepared to testify regarding these topics. Following the deposition, Chibnik conducted additional research regarding questions posed during his deposition. Doc. No. 93-1 ¶¶ 2-3. After this additional research, Chibnik prepared an affidavit, which Nationstar filed in support of its motion for summary judgment. Doc. No. 93-1. Sevi contends that this affidavit should be stricken pursuant to Federal Rule of Civil Procedure 37(c) because Nationstar did not supplement Chibnik's deposition testimony as required by Federal Rule of Civil Procedure 26(e) before filing the affidavit. In the alternative, Sevi seeks leave to reopen the deposition of Chibnik under Federal Rule of Civil Procedure 56(b).[1]

---

[1] Because these are the only legal bases Sevi cites in support of his motion, I will not discuss whether sanctions would be applicable under other provisions of the Federal Rules of Civil Procedure.

Nationstar responds that it had no duty to supplement Chibnik's testimony. It opposes Sevi's request to reopen Chibnik's deposition because it disclosed the documents that Chibnik reviewed to prepare his affidavit during the discovery period. Doc. No. 103.

## II.  ANALYSIS.

Sevi cites to the following portion of Chibnik's deposition in which, he contends, Chibnik was not prepared to testify regarding the above-quoted topics contained in the Rule 30(b)(6) deposition notice:[2]

> Q.  Are you aware of Nationstar ever performing an investigation related to Mr. Sevi's account for disputes provided by Trans Union?
>
> A.  Not to my knowledge.
>
> Q.  Are there any documents that would evidence Nationstar has performed an investigation as a result of disputes provided to Nationstar by Trans Union related to Mr. Sevi's Nationstar account?
>
> A.  I don't know.
>
> Q.  So you do not know that any documents exist that would show an investigation was performed?
>
> A.  I did not recall seeing any documents.

Doc. No. 105-1 at 105. These questions are within the scope of the topics that Chibnik was required to be able to testify about during the deposition.

In his affidavit, Chibnik provided the answer to the question about whether Nationstar performed an investigation related to Sevi's account for disputes provided by Trans Union, as follows:

> 7.  As to the TransUnion Disputes, Nationstar researched Plaintiff's account, which process included a review of the dispute

---

[2] Nationstar's argument that the portion of the deposition quoted was taken out of context is not supported by my review of the complete deposition transcript.

> information provided by the consumer reporting agencies and other relevant information, including Plaintiff's payment history. Nationstar's investigations also may have included the review of other information such as the collection history profile pertaining to Plaintiff. Upon concluding its investigations, Nationstar reported its findings to TransUnion.

Doc. No. 93-1 ¶ 7.  Sevi is, therefore, correct that Chibnik's affidavit provided information responsive to a question asked during the Rule 30(b)(6) deposition, which Chibnik should have been prepared to answer but could not answer during the deposition.

Nevertheless, Nationstar is correct that Sevi's reliance on Federal Rules of Civil Procedure 26(e) and 37(c) is not appropriate.  By its terms, Rule 26(e) only requires supplementation of mandatory disclosures and responses to written discovery requests, not supplementation of information provided during a deposition.  *See* Fed. R. Civ. P. 26(e), Advisory Comm. Notes, 1993 Amendments ("The revision also clarifies that the obligation to supplement responses to formal discovery requests applies to interrogatories, requests for production, and requests for admissions, but not ordinarily to deposition testimony.").  The self-executing sanction in Rule 37(c) for failure to supplement is, therefore, not applicable to alleged failure to supplement information requested during a deposition.

Sevi's argument under Federal Rule of Civil Procedure 56(d) is also legally insufficient. Under that rule, if a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may, among other things, allow time to take additional discovery.  Sevi's motion is not supported by an affidavit or declaration of Sevi or his counsel.  Furthermore, Sevi has not stated with any specificity why he cannot present facts essential to support his opposition to Nationstar's motion for summary judgment based on the documents produced by Nationstar during discovery on which Chibnik relied to prepare his

- 5 -

affidavit, or what additional essential evidence he would expect to obtain during a reopened Rule 30(b)(6) deposition.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2015.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE