**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ROBERTO SEVI,

        Plaintiff,

v.                                            Case No. 6:13-cv-1433-Orl-37KRS

NATIONSTAR MORTGAGE, LLC,

        Defendant.

## ORDER

This cause is before the Court on the following matters:

(1) Order of United States Magistrate Judge Karla R. Spaulding Denying Plaintiff Robert[o] Sevi's Motion to Strike Affidavit of Sean Chibnik and [to] Reopen Discovery for Good Cause (Doc. 113), filed February 4, 2015;

(2) Plaintiff Roberto Sevi's Motion for Reconsideration of Order Denying Motion to Strike Affidavit of Sean Chibnik and [to] Reopen Discovery for Good Cause (Doc. 114), filed February 6, 2015; and

(3) Defendant Nationstar Mortgage, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration of Order Denying Motion to Strike Affidavit of Sean Chibnik and [to] Reopen Discovery for Good Cause (Doc. 115), filed February 20, 2015.

## BACKGROUND

This Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") action arises from Plaintiff Roberto Sevi's disputes concerning negative credit information about his home loan ("Loan") that appeared on credit reports starting in early 2012 ("Disputes").

(*See* Doc. 26.) Plaintiff contends that the negative information was furnished to consumer reporting agencies ("CRA") by his mortgage servicer, Nationstar Mortgage, LLC ("Defendant"), and despite receiving notices of Plaintiff's Disputes from Trans Union, LLC ("TU") and Experian Information Solutions, Inc. ("Experian"), Defendant never properly investigated the Disputes or corrected the information as required by 15 U.S.C. § 1681s-2(b). (*See id.*) Plaintiff asserts two FCRA claims against Defendant for its purported willful and negligent conduct. (*See id.* ¶¶ 43–47 (willful violation claim ("Count Five")); *id.* ¶¶ 48–52 (negligent violation claim ("Count Six")).)

On December 11, 2013, the Court entered a Case Management and Scheduling Order ("CMSO"), which set deadlines and rules "to discourage wasteful pretrial activities, and to secure the just, speedy, and inexpensive determination of the action." (*See* Doc. 27, pp. 1–2.) The CMSO's discovery deadline was August 29, 2014 (*id.* at 1); but, Plaintiff moved for a continuance. (*See* Doc. 48.) Absent opposition from Defendant, the Court granted the motion in part, extending the discovery deadline through September 30, 2014. (*See* Doc. 52.) On September 22, 2014, Plaintiff served Defendant with a subpoena noticing the Defendant's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) ("Subpoena").[1] (*See* Doc. 101-2.) Defendant designated Sean Chibnik to testify on its behalf,[2] and Plaintiff deposed him on September 30, 2014. (*See* Doc. 78.)

---

[1] The deposition of a business organization may be noticed with a subpoena that names the organization and describes "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Then, the organization must "designate" person(s) to testify on its behalf. *See id.* Based on the matters described in the Rule 30(b)(6) subpoena, the designee must be prepared to "testify about information known or reasonably available to the organization." *See id.*

[2] Defendant employs Mr. Chibnik as a "litigation resolution analyst." (Doc. 78, p. 4.) As such, he is regularly appears as Defendant's corporate representative at depositions and trials. (*See id.*)

Plaintiff and Defendant filed Motions for Summary Judgment on October 31, 2014 ("SJ Motions") (*see* Docs. 80, 82), and they completed their summary judgment briefing on December 22, 2014 (s*ee* Docs. 84, 91, 95, 98, 99). Both parties cite testimony from the Chibnik Deposition to support their respective positions, and on December 8, 2014, Defendant also filed an Affidavit from Mr. Chibnik. (*See* Doc. 93-1.) In his Affidavit, Mr. Chibnik addresses matters he denied knowledge of during his Deposition. (*See id.*) Mr. Chibnik averred that he had refreshed his recollections after the Deposition by reviewing certain documents. (*See id.* at 3.) The documents—which comprised more than 100 pages—were made exhibits to the Affidavit.[3] (*See also id.* at 4–79 (providing a redacted copy of documents produced to Plaintiff in discovery by Defendant titled "Collection History Profile"); *id.* at 80–110 (providing a copy of documents produced by TU in discovery titled "Consumer Relations, CRS3 ACDV Responses Automatically Updated").)

Since December 22, 2014, Plaintiff has filed three motions requesting that the Court strike the Chibnik Affidavit and reopen discovery. (*See* Docs. 100, 108, 114.) Plaintiff filed his first motion on December 22, 2014 (*see* Doc. 100), which Judge Spaulding denied because the relief requested was not permitted under the law Plaintiff cited—Rules 26(e), 37(c), and 56(d). (*See* Doc. 107, pp. 4–5.) Although she denied Plaintiff's Motion, Judge Spaulding agreed with Plaintiff that the Chibnik Affidavit included information that Mr. Chibnik improperly failed to provide during his deposition. (*See id*. at 2–4 (rejecting Defendant's argument that Plaintiff's motion was premised on

---

[3] The person who notarized the Chibnik Affidavit dated it the "__1__ day of __Dec.__, 2010." (*See* Doc. 93-1, p. 3.) The month and day were handwritten, but the year was typed. (*See id.*) Given the format and substance of the Chibnik Affidavit—which addresses events in 2012, 2013, and 2014—the Court presumes that the notary date is a simple scrivener's error. (*See id*. at 1–2.)

3

an unfair, out-of-context reading of Mr. Chibnik's deposition testimony).) Plaintiff did not file Rule 72(a) objections to the Order denying his first motion.

On January 21, 2014, Plaintiff filed his second motion concerning the Chibnik Affidavit. (*See* Doc. 108.) This time, Plaintiff argued that Local Rule 3.09(a), the Court's CMSO, and Rule 56(e)(4) supported his request to strike, reopen discovery, and to require Defendant "to pay for all costs and fees associated with the new Rule 30(b)(6) deposition." (*See id.* at 1, 6 n.10, 7.) Defendant opposed (Doc. 112), and Judge Spaulding denied the Plaintiff's second Motion because: (1) Plaintiff's complaints concerning Mr. Chibnik's preparation for and responses during his deposition were untimely; (2) Plaintiff's request to reopen discovery would delay the trial, lead to further discovery disputes, and possibly moot the fully-briefed SJ Motions; and (3) the Chibnik Affidavit did not violate the requirements of Rule 56(c)(4) because Mr. Chibnik's averments were based on pertinent and detailed documents that were produced to Plaintiff in discovery, but were not used by Plaintiff during the 30(b)(6) deposition. (*See* Doc. 113, pp. 2–3.)

Two days after Judge Spaulding denied his second motion, Plaintiff filed a "Motion for Reconsideration" (*see* Doc. 114), which Defendant opposes. (Doc. 115.) Accordingly, the issue presently before the Court is whether it should strike the Chibnik Affidavit and reopen discovery to permit another Rule 30(b)(6) deposition of Defendant, bearing in mind that such an Order would delay the trial that is set to commence on April 6, 2015.[4] (*See* Doc. 110.)

---

[4] The parties' SJ Motions also are ripe; however, to simplify the myriad issues raised by the parties, the Court limits this Order to resolving the parties' disputes concerning Mr. Chibnik, and will address the SJ Motions in a separate Order.

4

**DISCUSSION**

As a preliminary matter, the Court notes that Plaintiff's Motion for Reconsideration is appropriately considered to be a Rule 72(a) objection to Judge Spaulding's Order dated February 4, 2015. (*See* Docs. 113, 114.) Rule 72(a) requires that district judges "consider timely objections" to a Magistrate Judge's non-dispositive, pretrial order, "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (permitting reconsideration of a pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

Plaintiff's specific objections are that Judge Spaulding erred in finding that: (1) Plaintiff could have promptly moved pursuant to Rule 37 to compel Defendant "to produce a corporate representative able to answer the questions at issue;" and (2) Plaintiff had ample opportunity to question Mr. Chibnik regarding the documents referenced in the Chibnik Affidavit. (*See* Doc. 114.) The Court does not find that either finding should be set aside as clearly erroneous or contrary to law. Rather, after careful review, the Court rejects Plaintiff's objections and affirms Magistrate Judge Spaulding's Orders in their entirety. (*See* Docs. 107, 113.)

First, the Court notes that Plaintiff's counsel deposed Mr. Chibnik for less than five hours,[5] and he asked no questions about the available documents that Mr. Chibnik ultimately relied on in his Affidavit. Plaintiff's counsel also offered scant objection when Mr. Chibnik answered at least sixty questions with "I don't know" and answered at least

---

[5] Plaintiff could have deposed Mr. Chibnik for at least seven hours without seeking leave of the Court. *See* Fed. R. Civ. P. 30(d)(1). Further, upon a timely motion, Plaintiff could have secured additional time "if needed" for a fair examination. *See* Rule 30(d)(1).

another twenty-five questions by disclaiming any knowledge, awareness, or recollection of the matters queried.[6] (*See id.* pp. 5–6, 10, 13–14, 16–33.) Rather than object, at the conclusion of his direct examination of Mr. Chibnik, or assert lack of adequate preparation of the witness, Plaintiff's counsel represented that he did not have any more questions "[s]ubject to reviewing documentation related to disputes provided to [Defendant] from [TU]." (*See id.* at 32.) Thus, Plaintiff's counsel did not comply with his duty to, at the time of the examination, "note on the record" any objections he may have "to a party's conduct . . . , to the manner of taking the deposition, or to any other aspect of the deposition." Fed. R. Civ. P. 30(c)(2).

Second, the Court notes that Plaintiff did not serve Defendant with the Subpoena until eight days before the extended discovery deadline (*see* Doc. 101-2), and the Subpoena noticed the deposition for the last day permitted for discovery—September 30, 2014 (*see id*). Thus, by his own actions, Plaintiff sharply limited the time he had available to remedy any problems with the Chibnik Deposition by filing a timely motion to compel deposition responses in accordance with Rules 37(a)(3)(B)(i) or (ii).[7]

Finally, the Court finds that Plaintiff's reliance on Local Rule 3.09(a) and the CMSO is misplaced. (*See* Doc. 108, p. 1 (relying on Local Rule 3.09(a), the Court's

---

[6] Such responses frequently related to matters described for examination in the Subpoena. (*See* Doc. 78.) For instance, after Mr. Chibnik disclaimed any knowledge concerning the guidelines that Defendant used in reviewing Plaintiff's application for a mortgage modification, Plaintiff's counsel merely indicated an intent to "follow up" on the issue with opposing counsel. (*See* Doc. 78, p. 14.) When Mr. Chibnik testified that he was "not aware" of the TU Notices or "any investigations [Defendant] performed as a result of these disputes," Plaintiff's counsel observed: "That might make our depo [sic] really quick, but we might have to come back." (*See id.* at 28.)

[7] The CMSO advises the parties that "all motions to compel filed after the discovery deadline" may be denied as untimely. (*See* Doc. 27, ¶I.D; *see also id.* ¶B (advising that motions to extend deadlines are "disfavored," and motions "to continue trial are generally denied").)

CMSO, and Rule 56(e)(4) to support his request to strike the Chibnik Affidavit and to reopen discovery).) Local Rule 3.09(a) provides that continuance of a trial "may be allowed by order of the Court for good cause shown." The Court's CMSO provides that motions to continue trial must comply with Local Rule 3.09, but "are generally denied." (Doc. 27, ¶ II.B.1.) Notably, none of Plaintiff's requests to reopen discovery (thereby necessitating a continuance of trial) complied with Local Rule 3.09(d) by including a certification from Plaintiff's counsel that Roberto Sevi had "been informed of the motion and [had] consented to it" (see Local Rule 3.09(d)). (See Docs. 100, 108, 114.) For these reasons as well, the Court agrees with Judge Spaulding's denial of Plaintiff's requests to reopen discovery and continue these proceedings.

After careful review of the record, the Court fully agrees with Judge Spaulding that Mr. Chibnik was not an adequately prepared or knowledgeable deponent as required by Rule 30(b)(6). (*See* Doc. 107, pp. 2–4.) However, the Court also agrees that the Plaintiff did not properly preserve his objections or file timely motions to remedy the problems that should have been evident to counsel without reference to the Chibnik Affidavit. Although the Court has no desire to reward Defendant for Mr. Chibnik's deposition conduct, the Court finds no grounds to modify or set aside any part of Judge Spaulding's Orders. Thus, the Plaintiff's objections are due to be rejected, and Plaintiff's Motion for Reconsideration (Doc. 114) is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Plaintiff Roberto Sevi's Objection to the Order of U.S. Magistrate Judge Karla R. Spaulding Denying Plaintiff Roberto Sevi's Motion to Strike Affidavit of Sean Chibnik and [to] Reopen Discovery for Good Cause

        (Doc. 114) are **REJECTED**, and Plaintiff's Motion for Reconsideration (Doc. 114) is **DENIED**.

(2)    The Order of U.S. Magistrate Judge Karla R. Spaulding Denying Plaintiff Robert[o] Sevi's Motion to Strike Affidavit of Sean Chibnik and [to] Reopen Discovery for Good Cause Court (Doc. 113) is **AFFIRMED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 17, 2015.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record